UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL ELUSTRA and CHRIS LOPEZ as Mother and Next Friend of MORIAH ELUSTRA and NAJATI ELUSTRA<br><br>Plaintiffs<br><br>v.<br><br>TOM MINEO and BRAD FRALICH, Individually and d/b/a BUFFALO WILD WINGS<br><br>Defendants. | Case No.: 08-CV-3162<br><br>Judge Darrah<br>Magistrate Judge Denlow<br><br>JURY DEMANDED |

## DEFENDANT TOM MINEO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant, TOM MINEO, by and through his attorneys, JAMES G. SOTOS and JOHN J. TIMBO of JAMES G. SOTOS & ASSOCIATES, LTD., and in answer to Plaintiffs' Complaint states the following unto this Honorable Court.

## JURISDICTION

1. This action arises under the United States Constitution, the Civil Rights Act, Title 42 of the United States Code, Section 1983, and pendent jurisdiction.

**ANSWER:** Defendant admits that this complaint is brought pursuant to 42 U.S.C. § 1983 and pursuant to pendent jurisdiction.

2. This Court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, Section 1343. Venue is proper under 28 U.S.C. 1391(b).

**ANSWER:** Defendant admits that this Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1343 and that venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b).

## PARTIES AND ACTS

3. Plaintiff, CRYSTAL ELUSTRA, is a citizen of the United States of America and a resident of the City of Burbank, County of Cook and State of Illinois.

**ANSWER:** Defendant states that he lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 3.

4. Plaintiff, MORIAH ELUSTRA, is a citizen of the United States of America and a resident of the City of Burbank, County of Cook and State of Illinois.

**ANSWER:** Defendant states that he lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 4.

5. Plaintiff, NAJATI ELUSTRA, is a citizen of the United States of America and a resident of the City of Burbank, County of Cook and State of Illinois.

**ANSWER:** Defendant states that he lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 5.

6. Defendant Police Officer, TOM MINEO, is now and at all times material to this action duly appointed, employed and acting policeman of the Village of Frankfort, Illinois.

**ANSWER:** Defendant admits the allegations contained in paragraph 6.

7. Defendant, Buffalo Wild Wings, is a proprietorship organized under the laws of the State of Illinois and engaged in the business of operating a restaurant establishment, located at

20596 South LaGrange Road, in the City of Frankfort, State of Illinois and the County of Will.

**ANSWER:** Defendant makes no response to the allegations contained in paragraph 7 as said allegations are directed toward a different Defendant.

## COUNT I - CIVIL RIGHTS 1983 ACTION

1. On July 22, 2007, Plaintiffs were at Buffalo Wild Wings, located at 20596 LaGrange Road, Village of Frankfort, State of Illinois.

**ANSWER:** Defendant admits the allegations contained in paragraph 8.

2. At that time the Defendant, Frankfort Police Officer TOM MINEO, arrived on the scene in response to a "disturbance" between Plaintiffs and an employee of Buffalo Wild Wings.

**ANSWER:** Defendant admits that he responded to Buffalo Wild Wings located at 20596 LaGrange Road in response to a call for service from the manager of Buffalo Wild Wings, but denies that it was for a disturbance "between" Plaintiffs and an employee of Buffalo Wild Wings.

3. At said time and location, Defendant was notified by Plaintiffs of the circumstances of the disturbance at Buffalo Wild Wings.

**ANSWER:** Defendant denies that he was notified by Plaintiffs of the circumstances of the "disturbance" at Buffalo Wild Wings, but asserts Plaintiffs informed him that they wanted their bill corrected.

4. The Defendant, without legal justification or provocation, grabbed and battered Plaintiffs, CRYSTAL ELUSTRA, MORIAH ELUSTRA and NAJSTI ELUSTRA, and twisted the wrists of Plaintiff, CRYSTAL ELUSTRA, causing injuries.

3

**ANSWER:** Defendant denies the allegations contained in paragraph 4.

5. In order to cover up this unjustifiable assault of the Plaintiffs, the defendant police officer fabricated a story that Plaintiff had caused alarm to other patrons and employees in Buffalo Wild Wings.

**ANSWER:** Defendant denies the allegations contained in paragraph 5.

6. Each and all of the acts that the Plaintiffs allege herein were done by Defendant, TOM MINEO, not as an individual, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Illinois, Village of Frankfort, and the County of Will; and under his authority as a police officer for said Village and County.

**ANSWER:** Defendant admits that he was acting within his authority as a police officer for the Village of Frankfort, Illinois on July 22, 2007, but denies that he performed any wrongful acts.

7. The unjustifiable assault of the plaintiffs by defendant was a direct and proximate cause of his pain, suffering, mental distress, anguish, humiliation and embarrassment.

**ANSWER:** Defendant denies the allegations contained in paragraph 7.

8. Defendant, Frankfort Police Officer TOM MINEO's, acts were committed in violation of Plaintiff's Fourteenth Amendment right to be free from summary punishment and deprivation of liberty without due process of law and his Fourth and Fourteenth Amendment rights be free from unreasonable arrest, searches and seizures.

**ANSWER:** Defendant denies the allegations contained in paragraph 8.

WHEREFORE, Defendant Tom Mineo denies that the Plaintiffs are entitled to any judgment whatsoever against him and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

## COUNT II - ASSAULT AND BATTERY

1-8.　Plaintiffs reallege and restate Paragraphs 1 through 8 of Count I as if the same were fully set forth as Paragraphs 1 through 8 of Count II.

**ANSWER:** Defendant restates, re-affirms, and incorporates by reference his answers to paragraphs 1 through 8 as if fully set forth herein.

9.　The acts of defendant as described above were done intentionally or with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois and directly and proximately cause the injuries, pain and suffering of Plaintiff as alleged above.

**ANSWER:** Defendant denies the allegations contained in paragraph 9.

WHEREFORE, Defendant Tom Mineo denies that the Plaintiffs are entitled to any judgment whatsoever against him and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

## COUNT III - FALSE IMPRISONMENT

The Defendant makes no response to the allegations contained in Count III of this Complaint, in that said allegations are directed toward another Defendant.

Dated: June 27, 2008　　　　　　　　　　s/John J. Timbo
　　　　　　　　　　　　　　　　　　　　John J. Timbo, Attorney No. 06238251
　　　　　　　　　　　　　　　　　　　　Attorney for Defendant Tom Mineo
　　　　　　　　　　　　　　　　　　　　JAMES G. SOTOS & ASSOCIATES
　　　　　　　　　　　　　　　　　　　　550 East Devon, Suite 150
　　　　　　　　　　　　　　　　　　　　Itasca, Illinois 60143
　　　　　　　　　　　　　　　　　　　　(630) 735-3300
　　　　　　　　　　　　　　　　　　　　(630) 773-0980 (fax)
　　　　　　　　　　　　　　　　　　　　jtimbo@jsotoslaw.com

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As for his First affirmative defense to the Complaint, Defendant states as follows: Defendant Tom Mineo has qualified immunity from liability for the damages claimed by Plaintiffs in Count I in that Defendant Mineo did not knowingly violate clearly established constitutional rights of which a reasonable person would have known.

### SECOND AFFIRMATIVE DEFENSE

As for his Second affirmative defense to the Complaint, Defendant states as follows: With regard to Plaintiffs' false arrest and due process claims contained in Count I, Defendant had probable cause to arrest Plaintiffs pursuant to Village ordinance.

### THIRD AFFIRMATIVE DEFENSE

As for his Third affirmative defense to the Complaint, Defendant states as follows: With regard to Plaintiff's state law claim contained in Count II, Defendant is entitled to immunity pursuant to §2-204 of the Illinois Tort Immunity Act, 745 ILCS 2-204, for liability for injury arising out of the arrest of Plaintiffs in that a public employee acting within the scope of his or her employment cannot be liable for an injury caused by the act or omission of another person.

### FOURTH AFFIRMATIVE DEFENSE

As for his Fourth affirmative defense to the Complaint, Defendant states as follows: With regard to Plaintiff's state law claim contained in Count II, Defendant is entitled to immunity pursuant to §2-202 of the Illinois Tort Immunity Act, 745 ILCS 2-202, for liability for any injury arising out of the arrest of Plaintiffs as Defendant did not act wilfully and wantonly in placing Plaintiffs into custody.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS OF PLAINTIFF'S COMPLAINT**

Dated: June 27, 2008                    s/John J. Timbo
                                                    John J. Timbo, Attorney No. 06238251
                                                    Attorney for Defendant Tom Mineo
                                                    JAMES G. SOTOS & ASSOCIATES
                                                    550 East Devon, Suite 150
                                                    Itasca, Illinois 60143
                                                    (630) 735-3300
                                                    (630) 773-0980 (fax)
                                                    jtimbo@jsotoslaw.com

## CERTIFICATE OF SERVICE

The undersigned having first been duly sworn under oath, states that he electronically filed a complete copy of the foregoing **Defendant Tom Mineo's Answer and Affirmative Defenses To Plaintiffs' Complaint** with the Clerk of the Court on **June 27, 2008** using the CM/ECF system, which will send notification of such filing to the attached service list.

> s/John J. Timbo
> John J. Timbo, Attorney No. 06238251
> Attorney for Defendant Tom Mineo
> JAMES G. SOTOS & ASSOCIATES
> 550 East Devon, Suite 150
> Itasca, Illinois 60143
> (630) 735-3300
> (630) 773-0980 (fax)
> jtimbo@jsotoslaw.com

## SERVICE LIST
Elusta, et al v. Mineo, et al., 08 cv 3162

**COUNSEL FOR PLAINTIFF**

**Michael F. Conway**
Conway & Chiaviello, Ltd.
77 West Washington, Suite 1601
Chicago, IL 60602
312-782-3553
conchiltd@yahoo.com